**Slip Op. 00-81**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

```
_____
                                       :
SKF USA INC. and                       :
SKF INDUSTRIE S.p.A.,                   :
                                       :
          Plaintiffs,                   :
                                       :
          v.                            :    Court No. 99-08-00474
                                       :
UNITED STATES,                          :
                                       :
          Defendant,                    :
                                       :
THE TORRINGTON COMPANY,                 :
                                       :
          Defendant-Intervenor.         :
_____:
```

Plaintiffs, SKF USA Inc. and SKF Industrie S.p.A. (collectively "SKF"), move pursuant to USCIT R. 56.2 for judgment upon the agency record challenging various aspects of the United States Department of Commerce, International Trade Administration's ("Commerce") final determination, entitled <u>Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Sweden, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews</u>, 64 Fed. Reg. 35,590 (July 1, 1999).

In particular, SKF contends that Commerce erred in: (1) conducting a duty absorption inquiry under 19 U.S.C. § 1675(a)(4) (1994) for the ninth administrative review of the applicable 1989 antidumping duty orders; (2) determining that it applied a reasonable duty absorption methodology and that duty absorption had in fact occurred; (3) calculating profit for constructed value ("CV") under 19 U.S.C. § 1677b(e)(2)(A) (1994); and (4) excluding below-cost sales from the denominator of the CV profit calculation.

Commerce responds that it properly: (1) conducted a duty absorption inquiry under § 1675(a)(4); (2) used a reasonable methodology and determined that duty absorption existed; (3)

calculated CV profit pursuant to § 1677b(e)(2)(A); and (4) excluded below-cost sales from the CV profit calculation.  The Torrington Company generally agrees with Commerce's arguments.

   **Held:**  SKF's USCIT R. 56.2 motion is denied in part and granted in part.  The case is remanded to Commerce to annul all findings and conclusions made pursuant to the duty absorption inquiry conducted for the subject review.

[SKF's motion is denied in part and granted in part. Case remanded.]

Dated: July 12, 2000

   Steptoe & Johnson LLP (Herbert C. Shelley and Alice A. Kipel) for plaintiffs.

   David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Velta A. Melnbrencis, Assistant Director); of counsel: David R. Mason, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for defendant.

   Stewart and Stewart (Terence P. Stewart, Wesley K. Caine, Geert De Prest and Lane S. Hurewitz) for defendant-intervenor.


## OPINION

   **TSOUCALAS, Senior Judge:**  Plaintiffs, SKF USA Inc. and SKF Industrie S.p.A. (collectively "SKF"), move pursuant to USCIT R. 56.2 for judgment upon the agency record challenging various aspects of the United States Department of Commerce, International Trade Administration's ("Commerce") final determination, entitled Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France,

Germany, Italy, Japan, Romania, Sweden, and the United

Kingdom; Final Results of Antidumping Duty Administrative

Reviews ("Final Results"), 64 Fed. Reg. 35,590 (July 1, 1999).

### BACKGROUND

This case concerns the ninth administrative review of

1989 antidumping duty orders on antifriction bearings (other

than tapered roller bearings) and parts thereof ("AFBs")

imported from Italy for the period of review covering May 1,

1997 through April 30, 1998.  See Final Results, 64 Fed. Reg.

at 35,590; Antidumping Duty Orders: Ball Bearings and

Cylindrical Roller Bearings, and Parts Thereof From Italy,

54 Fed. Reg. 20,903 (May 15, 1989).  In accordance with 19

C.F.R. § 351.213 (1998), Commerce initiated the administrative

reviews of these orders on June 29, 1998, see Initiation of

Antidumping and Countervailing Duty Administrative Reviews and

Request for Revocation in Part, 63 Fed. Reg. 35,188, and

published the preliminary results of the subject review on

February 23, 1999,[1] see Antifriction Bearings (Other Than

---

[1]  Since the administrative review at issue was initiated
after December 31, 1994, the applicable law in this case is
the antidumping statute as amended by the Uruguay Round
Agreements Act, Pub. L. No. 103-465, 108 Stat. 4809 (1994)
(effective Jan. 1, 1995).

Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, and the United Kingdom; Preliminary Results of Antidumping Duty Administrative Reviews and Partial Rescission of Administrative Reviews ("Preliminary Results"), 64 Fed. Reg. 8790. Commerce published the Final Results on July 1, 1999. See 64 Fed. Reg. at 35,590.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 19 U.S.C. § 1516a(a) (1994) and 28 U.S.C. § 1581(c) (1994).

## STANDARD OF REVIEW

In reviewing a challenge to Commerce's final determination in an antidumping administrative review, the Court will uphold Commerce's determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i) (1994).

**DISCUSSION**

**I.  Commerce's Duty Absorption Inquiry**

On May 29, 1998 and July 29, 1998, Torrington requested that Commerce conduct a duty absorption inquiry pursuant to 19 U.S.C. § 1675(a)(4) (1994) with respect to various respondents, including SKF, to ascertain whether antidumping duties had been absorbed during the ninth review.  See Final Results, 64 Fed. Reg. at 35,600.

In the Final Results, Commerce determined that duty absorption had occurred for the ninth review.  See id. at 35,600-02.  In asserting authority to conduct a duty absorption inquiry under § 1675(a)(4), Commerce first explained that for "transition orders" as defined in 19 U.S.C. § 1675(c)(6)(C) (1994) (that is, antidumping duty orders, inter alia, deemed issued on January 1, 1995), antidumping regulation 19 C.F.R. § 351.213(j)(2) (1998) provides that Commerce will make a duty absorption inquiry, if requested, for any antidumping administrative review initiated in 1996 or 1998.  Commerce concluded that (1) because the antidumping duty orders on the AFBs in this case have been in effect since 1989, the orders are transition orders pursuant to § 1675(c)(6)(C), and (2) since this review was initiated in

1998 and a request was made, it had the authority to make a duty absorption inquiry for the ninth review.  See id.


**A.    Contentions of the Parties**

SKF contends that: (1) Commerce lacked authority under 19 U.S.C. § 1675(a)(4) to conduct a duty absorption inquiry for the ninth review of the 1989 antidumping duty orders; and (2) even if Commerce possessed the authority to conduct such an inquiry, Commerce's methodology for determining duty absorption was contrary to law and, accordingly, the case should be remanded to Commerce to reconsider its methodology. See SKF's Br. Supp. Mot. J. Agency R. at 2-3, 9-37; SKF's Reply Br. at 2-34.

Commerce argues that it: (1) properly construed subsections (a)(4) and (c) of § 1675 as authorizing it to make duty absorption inquiries for antidumping duty orders that were issued and published prior to January 1, 1995; and (2) devised and applied a reasonable methodology for determining duty absorption.  See Def.'s Mem. in Opp'n to Pls.' Mot. J. Agency R. at 2, 5-25.  The Torrington Company ("Torrington")

presents arguments similar to those of Commerce.  See
Torrington's Resp. to Pls.' Mot. J. Agency R. at 2-4, 7-33.


    B.    Analysis

    In SKF USA Inc. v. United States, 24 CIT __, 94 F. Supp.
2d 1351 (2000), this Court determined that Commerce lacked
statutory authority under 19 U.S.C. § 1675(a)(4) to conduct a
duty absorption inquiry for antidumping duty orders issued
prior to the January 1, 1995 effective date of the Uruguay
Round Agreements Act ("URAA"), Pub. L. No. 103-465, 108 Stat.
4809 (1994).  See id. at __, 94 F. Supp. 2d at 1357-59.  The
Court noted that Congress expressly prescribed in the URAA
that § 1675(a)(4) "must be applied prospectively on or after
January 1, 1995 for 19 U.S.C. § 1675 reviews."  Id. at 1359
(citing § 291 of the URAA).

    Because the duty absorption inquiry, the methodology and
the parties' arguments at issue in this case are practically
identical to those presented in SKF USA, the Court adheres to
its reasoning in SKF USA.  Accordingly, the Court finds that
Commerce did not have the statutory authority under
§ 1675(a)(4) to undertake a duty absorption inquiry for the
applicable pre-URAA antidumping duty orders in dispute here.

## II.  Commerce's CV Profit Calculation

For this review, Commerce used constructed value ("CV") as the basis for normal value ("NV") "when there were no usable sales of the foreign like product in the comparison market."  Preliminary Results, 64 Fed. Reg. at 8795.  Commerce calculated the profit component of CV using the statutorily preferred methodology of 19 U.S.C. § 1677b(e)(2)(A) (1994).[2] See Final Results, 64 Fed. Reg. at 35,611.  In applying the preferred methodology for calculating CV profit, Commerce determined that "an aggregate calculation that encompasses all foreign like products under consideration for normal value represents a reasonable interpretation of [§ 1677b(e)(2)(A)]" and "the use of [such] aggregate data results in a reasonable and practical measure of profit that [Commerce] can apply consistently where there are sales of the foreign like product in the ordinary course of trade."  Id.  Also, in calculating CV profit under § 1677b(e)(2)(A), Commerce excluded below-cost sales from the calculation which it disregarded in the

---

[2]  Specifically, in calculating constructed value, the statutorily preferred method is to calculate an amount for profit based on "the actual amounts incurred and realized by the specific exporter or producer being examined in the investigation or review . . . in connection with the production and sale of a foreign like product [made] in the ordinary course of trade, for consumption in the foreign country."  19 U.S.C. § 1677b(e)(2)(A) (1994).

determination of NV pursuant to 19 U.S.C. § 1677b(b)(1)

(1994).  See id. at 35,612.


**A.    Contentions of the Parties**

SKF contends that Commerce's methodology for calculating

CV profit, that is, the use of aggregate data encompassing all

foreign like products under consideration for NV for

calculating CV profit, is contrary to § 1677b(e)(2)(A) and to

the explicit hierarchy established by 19 U.S.C. § 1677(16)

(1994) for selecting "foreign like product" in the CV profit

calculation.  See SKF's Br. Supp. Mot. J. Agency R. at 37-56.

In addition, SKF argues that Commerce's CV profit calculation

under § 1677b(e)(2)(A) is unlawful in that it excluded below-

cost sales from the calculation.  See id. at 56-60.

Commerce argues that it: (1) applied a reasonable

interpretation of § 1677b(e)(2)(A) and properly based CV

profit for SKF on aggregate profit data of all foreign like

products under consideration for NV; and (2) properly excluded

below-cost sales from the CV profit calculation.  See Def.'s

Mem. in Opp'n to Pls.' Mot. J. Agency R. at 2-3, 25-48.

Torrington generally agrees with Commerce's contentions.  See

Torrington's Resp. to Pls.' Mot. J. Agency R. at 4-5, 33-39.

    B.    Analysis

    In RHP Bearings Ltd. v. United States, 23 CIT __, 83 F.

Supp. 2d 1322 (1999), this Court upheld Commerce's CV profit

methodology of using aggregate data of all foreign like

products under consideration for NV as being consistent with

the antidumping statute.  See id. at ___, 83 F. Supp. 2d at

1336.  Since SKF's arguments and the methodology at issue in

this case are practically identical to those presented in RHP

Bearings, the Court adheres to its reasoning in RHP Bearings

and, therefore, finds that Commerce's CV profit methodology is

in accordance with law.  Moreover, since (1) § 1677b(e)(2)(A)

requires Commerce to use the actual amount for profit in

connection with the production and sale of a foreign like

product in the ordinary course of trade, and (2) 19 U.S.C.

§ 1677(15) (1994) provides that below-cost sales disregarded

under § 1677b(b)(1) are considered to be outside the ordinary

course of trade, the Court finds that Commerce properly

excluded below-cost sales from the CV profit calculation.

**CONCLUSION**

For the foregoing reasons, the case is remanded to Commerce to annul all findings and conclusions made pursuant to the duty absorption inquiry conducted for the subject review.  Commerce's final determination is affirmed in all other respects.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE


Dated:     July 12, 2000
           New York, New York